38 F.3d 610
 309 U.S.App.D.C. 35
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Francine PAGE, Appellant.
 Nos. 92-3145, 92-3149.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 13, 1994.
 
 Before: WALD, GINSBURG, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of counsel. The court is satisfied, after reviewing the parties' briefs, that appropriate disposition of the case does not call for further opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 For the reasons in the attached memorandum, it is
 
 
 3
 ORDERED and ADJUDGED that the conviction from which this appeal has been taken be affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 5
 The appellants, Francine and Franklin Page, challenge their convictions, making four allegations of error. First, both appellants challenge the sufficiency of the evidence to support a finding by the jury that both constructively possessed drugs and firearms found in a search of the house in which both lived. A police search uncovered cocaine packaged as for sale under a pillow on the bed in Francine Page's bedroom and in a room common to both Francine and Franklin Page. A jury may properly infer that a person exercises constructive possession over contraband found in his or her house. See United States v. Morris, 977 F.2d 617, 620 (D.C.Cir.1992); United States v. Jenkins, 928 F.2d 1175, 1179 (D.C.Cir.1991). The evidence is sufficient to support the jury finding that the appellants possessed the cocaine with intent to distribute it.
 
 
 6
 Second, both appellants challenge the sufficiency of the evidence to show that the two firearms seized in the search of the house were used in relation to a drug trafficking offense. The evidence showed that the police found one gun, a loaded and operable semi-automatic pistol, in an opened closet in the entry to the house; the other gun, a loaded and operable .25 caliber pistol, was found in Francine Page's bedroom. Both firearms were near to the drugs and accessible from the place where the drug trafficking occurred; one gun was adjacent to drugs while the other was located within arm's reach of the front door. This evidence is sufficient to support the jury finding that the appellants used the firearms in relation to a drug trafficking offense. See United States v. Bailey, No. 90-3119 (D.C.Cir. Oct. 4, 1994) (in banc ).
 
 
 7
 Third, both appellants challenge the sufficiency of the evidence to support the finding that each possessed the entire amount (over fifty grams) of cocaine base found in the house. The evidence is sufficient to support the sentencing judge's finding that each appellant possessed the entire amount of cocaine. United States v. Patrick, 959 F.2d 991, 995-96 n. 5 (D.C.Cir.1992). Further, in making that finding the sentencing judge did not plainly err in crediting the Government's expert witness as to the actual amount of cocaine found in the house; the sampling technique used to determine the weight of the cocaine appears to be accurate and adequate to support the jury's finding as to the amount of cocaine the appellants possessed.
 
 
 8
 Finally, Francine Page contends that the district court committed plain error by using a technically inaccurate jury instruction. In particular, Francine Page contends, for the first time on appeal, that she was prejudiced by language on the jury instruction and verdict form referring to the statutory standard as use of a firearm "during or in relation to" (rather than "during and in relation to") a drug trafficking offense. As the Government's theory of the case invited the jury to convict appellants for the use of a firearm "during and in relation to" the drug offense, the district court did not plainly err in using the disjunctive on the jury instruction and verdict form, nor was Francine Page substantially prejudiced. See United States v. Young, 470 U.S. 1, 15-16 (1985); United States v. Chan Chun-Yin, 958 F.2d 440, 444 (D.C.Cir.1992); accord United States v. Ivy, 929 F.2d 147, 152 (5th Cir.1991) (use of disjunctive instruction not abuse of discretion).
 
 
 9
 Francine Page also challenges her sentence, alleging that the district court plainly erred in imposing a two-level increase to the base offense level for obstruction of justice. The district court found that Francine Page falsely denied, both at the suppression hearing and at trial, that she told a police officer that she had purchased one of the guns found in the search of the house. See Transcript of Sentencing (4/15/91) at 11. As her false testimony was material, the sentencing judge did not clearly err in imposing a two-level increase for obstruction of justice. See U.S.S.G. Sec. 3C1.1 commentary (two-level increase appropriate for "materially false testimony"); cf. United States v. Dunnigan, 113 S.Ct. 1111 (1993) (sentencing enhancement for perjury held constitutional).